# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**

**MICHAEL CLARK SMULICK**

**Case Number: 5:04-cr-10(S1)-Oc-10GRJ**

**USM Number: 25718-018**

Robert James Buonauro, Retained
390 N. Orange Avenue, Suite 1630
Orlando, Florida 32801

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 - 4 of the Superseding Indictment.  Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. §§922(g)(1) and 924(e) | Possession of a Firearm by a Convicted Felon | March 21, 2004 | One and Two |
| 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Cocaine | March 26, 2004 | Three |
| 21 U.S.C. §§841(a)(1) and 841(b)(1)(D) | Possession with Intent to Distribute Marijuana | March 26, 2004 | Four |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count One of the original Indictment dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:  October 29, 2004

UNITED STATES DISTRICT JUDGE

November 1, 2004

AO 245B (Rev. 3/01) Judgment in a Criminal Case

MICHAEL CLARK SMULICK
5:04-cr-10-Oc-10GRJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **211 Months as to Counts One, Two and Three**.    As to Count 4, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 Months to be served concurrent to sentence imposed as to Counts One, Two and Three**.

The Court recommends to the Bureau of Prisons:

That Defendant be designated for service at FCC Coleman, Florida

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

 at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

MICHAEL CLARK SMULICK
5:04-cr-10-Oc-10GRJ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.  The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      the defendant shall support his or her dependents and meet other family responsibilities;

5.      the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10.     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.     the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

AO 245B (Rev. 3/01) Judgment in a Criminal Case

12.     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

**No additional conditions of supervised release were imposed.**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$400.00** | **$0.00** | **$0.00** |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**It is further ordered that you shall forfeit to the United States those assets previously identified in the Plea Agreement, that are subject to forfeiture.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 3/01) Judgment in a Criminal Case

MICHAEL CLARK SMULICK
5:04-cr-10-Oc-10GRJ

It is ORDERED AND ADJUDGED pursuant to 21 U.S.C. §853 that the following property is hereby forfeited to the United States of America:

1.     $8,630.00 in U.S. currency;
2.     Calico, Model M-950, 9mm caliber, semi-automatic pistol, serial number I002134;
3.     Hi-Point, Model JH, .45 caliber semi-automatic pistol, serial number 300514;
4.     Savage, Model 111, .308 caliber rifle, serial number F368743;
5.     Romtehnica/Cugir, 7.62 x 39mm caliber rifle, serial number WUM 1-1515; and
6.     All ammunition found with these firearms.